J-A33026-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| WILLIAM R. PIPER JR., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ELKHART BRASS MANUFACTURING COMPANY, INC. AND FIRETECH AUTOMATIC SPRINKLER, INC. | |
| Appellees | |
| v. | |
| TRIAD FIRE PROTECTION | |
| Appellee | No. 1018 EDA 2015 |

Appeal from the Order Entered March 5, 2015
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): February Term, 2013 No. 03348

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and STRASSBURGER,* JJ.

DISSENTING MEMORANDUM BY STRASSBURGER, J.:**FILED APRIL 22, 2016**

Because Pennsylvania law permits the certification of a class as to liability only, I respectfully dissent and offer the following analysis.

According to the trial court, "if there was a possible certification for liability purposes only, this would be the perfect opportunity to avoid inconsistent liability verdicts and to determine significant issues in all the

* Retired Senior Judge assigned to the Superior Court.

cases at one time. However, Pennsylvania Law does not permit such limited certification." Trial Court Opinion, 7/11/2015, at 9.[1]

The trial court offers no support for such an assertion. The learned Majority supports this proposition by pointing to this Court's decision in *Cambanis v. Nationwide Insurance Company*, 501 A.2d 635 (Pa. Super. 1985). In **Cambanis**, this Court considered the issue of whether disparate damage calculations defeated the right to a class action in instances where there was a single source of liability. This Court held that "[w]here damages may be determined by a mathematical or formula calculation and may be considered a mechanical task, then a class action may be proper." *Id*. at 641. The Majority here concludes that such mechanical calculations are necessary for a case to be suitable for a class action. However, that was not the rule set forth in **Cambanis**, and it is contrary to the law.

Pennsylvania has adopted Pa.R.C.P. 1710, which provides in relevant part:

> (c) When appropriate, in certifying, refusing to certify or revoking a certification of a class action the court may order that
>
>> (1) the action be maintained as a class action limited to particular issues or forms of relief, or
>>
>> (2) a class be divided into subclasses and each subclass treated as a class for purposes of certifying, refusing to certify or revoking a certification and that the provisions of these rules be applied accordingly.

---

[1] Given the apparently complicated issues of liability and the relatively small amounts of damages per condominium owner, denial of certification may prove to be denial of any relief at all.

Pa.R.C.P. 1710(c).

In interpreting the aforementioned provision, we bear in mind that "[w]here Pennsylvania's class action rules are fashioned upon or taken verbatim from the Federal Rule then federal case law is particularly instructive but not binding." **Cambanis**, 501 A.2d at n.4. Federal Rule of Civil Procedure 23(c)(4) provides that "[w]hen appropriate, an action may be brought or maintained as a class action with respect to particular issues." Accordingly, we look to federal law with respect to certification.

> Consistent with the text of Rule 23(c)(4), one commentator recently observed as follows: "Although traditional claims brought under Rule 23(b) involve 'an all-or-nothing decision to aggregate individual cases,' Federal Rule of Civil Procedure 23(c)(4) allows litigants to resolve **specific issues** in a case on a class-wide basis." Joseph Seiner, **The Issue Class**, 56 B.C. L. Rev. 121, 132 (2015) (quoting Jon Romberg, **Half A Loaf Is Predominant and Superior to None: Class Certification of Particular Issues Under Rule 23(c)(4)(A)**, 2002 Utah L. Rev. 249, 251 n.96) (emphasis added).

> There is no impediment to certifying particular issues in a case as opposed to entire claims or defenses. That is the very approach urged by the authoritative **Manual for Complex Litigation**:

> > Rule 23(c)(4)(A) permits a class to be certified for specific issues or elements of claims raised in the litigation. [T]his provision may enable a court to achieve the economies ... for a portion of a case, the rest of which may either not qualify under Rule 23(a) [or be unmanageable for a class action….] Certification of an issues class is appropriate only if it permits fair presentation of the claims and defenses and materially advances the disposition of the litigation as a whole.

> An issues-class approach contemplates a bifurcated trial where the common issues are tried first, followed by individual trials on questions such as proximate causation and damages. A bifurcated trial must adequately present to the jury applicable defenses and be solely a class trial on liability.

(Manual for Comp. Litig. § 21.24 (4th 2004).

> If otherwise compliant with Rule 23, the proposed liability issue certifications provide an orderly means to resolve some of the central issues in the case. That is an approach that is encouraged by our court of appeals. ***See In re A.H. Robins***, 880 F.2d 709, 740 (4th Cir. 1989) (noting the need to "take full advantage of the provision in [Rule 23(c)(4)] permitting class treatment of separate issues … to reduce the range of disputed issues" in complex litigation).

***Good v. Am. Water Works Co., Inc.***, 310 F.R.D. 274, 295-96 (S.D.W. Va. 2015).

Based on the foregoing, it is evident that a trial court may consider certifying a class for a single issue only. Accordingly, I would hold the trial court erred in concluding that "Pennsylvania Law does not permit such a limited certification." Trial Court Opinion, 7/11/2015, at 9.

Thus, I would vacate the order of the trial court which denied class certification and remand for the trial court to reconsider this issue bearing in mind that it may be appropriate to permit this class action as to liability only.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/22/2016